FILED
February 11, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ADAM HAIDER, A# 221 153 577, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | SA-26-CV-00041-OLG |
| § | |
| ICE; and WARDEN, Karnes County § | |
| Immigration Processing Center, § | |
| § | |
| Respondents. § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Adam Haider's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondents' "Response to Petitioner's Petition for a Writ of Habeas Corpus." (Dkt. Nos. 1, 8). After review, the Court orders Haider's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (Dkt. No. 1).

### BACKGROUND

On January 5, 2026, Haider, an immigration detainee, filed a § 2241 Petition contesting the legality of his continued detention and requesting release. (*Id.*). However, when he filed his Petition, Haider failed to pay the filing fee or file an application to proceed *in forma pauperis*. Accordingly, the Court ordered Haider to either pay the fee or file a properly supported *in forma pauperis* application. (Dkt. No. 3). Haider paid the filing fee on February 2, 2026. (Dkt. No. 7). The Court then ordered service on Respondents. (Dkt. No. 5). Thereafter, Respondents filed their "Response to Petitioner's Petition for a Writ of Habeas Corpus." (Dkt. No. 8). In the Response, Respondents state Haider was removed from the United States on February 5, 2026, rendering his Petition moot. (Dkt. No. 8, Exh. A).

## ANALYSIS

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Geraghty*, 445 U.S. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). A party must continue to have a personal stake in the outcome of the lawsuit. *TransUnion LLC*, 594 U.S. at 423; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Shemwell v. City of McKinney, Tex.*, 63 F.4th 480, 483 (5th Cir. 2023).

Haider requests release from detention. (Dkt. No. 1). However, Haider is no longer detained by immigration authorities and has been removed to another country. (Dkt. No. 8, Exh. A). Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See TransUnion LLC*, 594 U.S. at 423; *Spencer*, 523 U.S. at 7. Accordingly, Haider's claim for relief is moot and his Petition is subject to dismissal. *See Bacilio–Sabastian v. Barr*, 980 F.3d 480, 483–84 (5th Cir. 2020) (holding petitioners' habeas claims were properly

dismissed as moot after they were released from detention); *see also Lewis*, 494 U.S. at 477; *Shemwell*, 63 F.4th at 483.

### CONCLUSION

Haider has been removed from the United States and is no longer in detention. Thus, the Court can no longer provide the relief sought by Haider. Accordingly, the Court finds Haider's § 2241 Petition is subject to dismissal without prejudice as moot.

**IT IS THEREFORE ORDERED** that Petitioner Adam Haider's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT.**

It is **SO ORDERED**.

SIGNED this 11 day of February, 2026.

_____
ORLANDO L. GARCIA
United States District Judge